UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____            │
│ DATE FILED:_May 9, 2023__            │
└─────────────────────────────────────┘
```

SAMUEL B. FOSTER, JR.,

                                Plaintiff,

                -against-

DOC NYC; DEPARTMENT NYC
HEALTH; C.O. ORTIZ, Shield No. 6259;
C.O. LAGUERRE, Shield No. 12755; CAPT.
MAXWELL, Shield No. 1783,

                                Defendants.

23-CV-3613-GHW

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

Plaintiff, who is currently incarcerated at West Facility on Rikers Island, brings this *pro se*

action under 42 U.S.C. § 1983. He alleges that Defendants used excessive force against him at the

North Infirmary Command in May 2021, and obstructed medical care for the broken nose that he

suffered as a result of the use of force. By order dated May 1, 2023, the Court granted Plaintiff's

request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by

prisoners who seek relief against a governmental entity or an officer or employee of a governmental

entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion

of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must

also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted
permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**DISCUSSION**

### A.      Defendant **"DOC NYC"**

Plaintiff's claims against the New York City Department of Correction ("DOC"), sued as "DOC NYC," must be dismissed because the DOC lacks the capacity to be sued in the name of the agency.  N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").  Instead, claims against the DOC must be brought against the City of New York.

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court directs the Clerk of Court to amend the caption of this action to replace the "DOC NYC" with the City of New York.  *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses the City of New York may wish to assert.

### B.      Defendant **"Department NYC Health"**

Plaintiff names as a defendant "Department NYC Health."  The Court understands this to be a reference to the NYC Health + Hospitals (H+H), which provides health services to individuals detained at Rikers Island, among others.[2]  To state a claim under 42 U.S.C. § 1983 against an entity such as H+H, it is not enough for the plaintiff to allege that one of its employees or agents engaged in some wrongdoing.  The plaintiff must show that the entity itself caused the violation of the plaintiff's rights.  *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local

---

[2] H+H is a public benefit corporation created under New York State law and has the capacity to be sued.  N.Y. Unconsol. Laws §§ 7384(1), 7385(1).

government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978))); *Mejia v. NYC Health & Hosp. Corp.*, No. 16-CV-9706, 2018 WL 3442977, at 5 (S.D.N.Y. July 17, 2018) ("As a municipal corporation, HHC and its employees are state actors for purposes of Section 1983.").

In other words, to state a Section 1983 claim against a municipal entity, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997).

Here, the Court understands Plaintiff to be alleging that his medical care was delayed because the DOC failed to produce him for medical visits. Plaintiff has not alleged facts giving rise to an inference that a policy, custom, or practice of H+H resulted in his receiving constitutionally inadequate medical care or in other violations of his constitutional rights. Plaintiff thus fails to state a claim on which relief can be granted against H+H under Section 1983, and the Court dismisses Plaintiff's Section 1983 claims against H+H. 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, Plaintiff has not explicitly asserted a state law claim against H+H, and the facts alleged do not appear to give rise to a state law claim. The Court therefore dismisses Defendant H+H, sued as "Department NYC Health," in its entirety without prejudice to Plaintiff's repleading his claims against H+H in any amended complaint that he is permitted to file under Federal Rule of Civil Procedure 15.

### C.    Service on DOC Defendants

The Clerk of Court is directed to notify the DOC and the New York City Law Department of this order.  The Court requests that Defendants City of New York, Correction Officers Ortiz and Laguerre, and Captain Maxwell waive service of summons.

### D.    Automatic Discovery

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of the date of this order, Defendants must serve responses to these standard discovery requests.  In their responses, Defendants must quote each request verbatim.[3]

### E.    Referral to NYLAG Clinic

Plaintiff may consult the legal clinic in this district that assists people who are parties in civil cases and do not have lawyers (the "Clinic").  The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007.  Once the paperwork is received, the Clinic will coordinate contact with the litigant, which may take up to two weeks.  Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**CONCLUSION**

The Court dismisses without prejudice Plaintiff's claims against NYC Health + Hospitals (H+H), sued herein as "Department NYC Health."  Plaintiff may replead his claims against H+H if he files an amended complaint, consistent with Federal Rule of Civil Procedure 15.

The Court directs the Clerk of Court to amend the caption of this action to replace "DOC NYC" with the City of New York.  *See* Fed. R. Civ. P. 21.  The Clerk of Court is further instructed to notify the DOC and the New York City Law Department of this order.  The Court requests that Defendants City of New York, Correction Officers Ortiz (Shield No. 6259) and Laguerre (Shield No. 12755), and Captain Maxwell (Shield No. 1783) waive service of summons.

Local Civil Rule 33.2 applies to this action.  The Clerk of Court is directed to attach copies of the NYLAG Clinic's flyer, retainer, and intake form to this order.  The Clerk of Court is also directed to mail a copy of this order, together with the attachments referenced above, to Plaintiff.

SO ORDERED.

Dated:   May 9, 2023
         New York, New York

_____
           GREGORY H. WOODS
          United States District Judge

5