**BELDOCK LEVINE & HOFFMAN LLP**
99 PARK AVENUE, PH/26TH FLOOR
NEW YORK, N.Y. 10016

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

JONATHAN C. MOORE
DAVID B. RANKIN
LUNA DROUBI
MARC A. CANNAN
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

COUNSEL
PETER S. MATORIN
CYNTHIA ROLLINGS
KAREN L. DIPPOLD
JODY YETZER
MARJORY D. FIELDS
EMILY JANE GOODMAN
  (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

REF: 86110.01

WRITER'S DIRECT CONTACT:
(212) 277-5820
kstephan@blhny.com

December 17, 2024

**VIA ECF**

Hon. Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

    Re:    *Foster v. DOC NYC et al.*, 23-CV-3613 (AS)
            **Motion to Compel and Extend Discovery**

Dear Judge Subramanian:

    I represent Plaintiff in the above-captioned matter and write to move to compel and extend discovery. Plaintiff seeks to compel (1) *Monell* discovery and (2) the individual Defendants' complete personnel files. Plaintiff seeks to extend discovery to (1) obtain the discovery Plaintiff seeks to compel, (2) depose two non-party City employee witnesses, and (3) obtain documents identified during depositions.

    **A.**    **Motion to Compel**

    On July 1, 2024, Plaintiff requested certain *Monell* discovery from Defendants, such as records on the City's policies on producing incarcerated individuals for emergency medical treatment. On December 13, 2024, Defendants asserted that they object to all of Plaintiff's discovery demands related to *Monell* claims on the ground that Plaintiff has failed to state a *Monell* claim and that Defendants will seek an order bifurcating *Monell* discovery, if necessary. Defendants, however, have not moved to dismiss Plaintiff's *Monell* claim (or to bifurcate discovery). In such circumstances, *Monell* discovery should proceed in tandem with discovery on all other claims. *Lopez v. City of New York*, 2021 U.S. Dist. LEXIS 123469, *4 (S.D.N.Y. 2021). Accordingly, Plaintiff moves to compel all discovery that Defendants have objected to disclosing on the basis that it is related to Plaintiff's *Monell* claims.

Judge Subramanian
December 17, 2024
Page 2

As to the individual Defendants' complete personnel files, Defendants have refused to disclose any record of infractions not related to use-of-force or dishonesty. Under Rule 404(b), prior bad acts are admissible for "proof of motive, opportunity, intent, preparation, plan, [or] knowledge." F.R.E. 404(b). Here, if the individual Defendants have extensive or serious misconduct complaints against them, that could suggest a motive to minimize their use of force in this case to avoid scrutiny and discipline. Furthermore, Plaintiff has asserted *Monell* liability for his federal claims and *respondeat superior* liability for his state law claims. To the extent the individual Defendants have extensive records of misconduct, the records could support those theories of liability. At this stage, Plaintiff seeks only to review and ask the officers about these records. There is already a protective order in place, and any question of admissibility at trial can be dealt with at a later date on a more robust record that will help inform the parties and Court as to whether each allegation of misconduct would be admissible at trial.

**B.    Motion to Extend**

With respect to Plaintiff's motion to extend discovery, Defendants only objected to Plaintiff's requests for *Monell* discovery and the personnel files within the last few days. Prior to that, Plaintiff had no reason to believe that Defendants would not produce this discovery. Indeed, the parties had been working together in good faith to exchange discovery aimed at settlement and have a settlement mediation scheduled for January 10, 2025.

In addition, the City only identified by name two non-party City employees who witnessed the incident within the last few days. While their names were in use-of-force reports, there had been a mix-up in the names of the officers present for the incident throughout this litigation and—because the parties had been working amicably together on settlement and discovery—Plaintiff believed that Defendants would work with Plaintiff to schedule depositions of the non-party witnesses when their identities were confirmed. Defendants, however, have represented that they cannot produce these employees before the current close of discovery.

Finally, Defendants were only able to produce one of the individual Defendants today, and cannot produce the other individual Defendant until Monday, December 23, 2024—the day of close of discovery. At today's deposition, Plaintiff learned of several documents that he has asked Defendants to produce. Plaintiff anticipates learning of other documents that he will request in the deposition of the other individual Defendant on Monday.

For all of those reasons, Plaintiff respectfully moves this Court to extend discovery for at least 60 days in order to give Plaintiff time to depose the two non-party witnesses and seek follow-up records, and for the City to produce the requested *Monell* discovery, disciplinary records, and records identified in the depositions. This would also give the parties the opportunity to resolve this matter in the January 10, 2025 settlement mediation.

Beldock Levine & Hoffman LLP

Judge Subramanian
December 17, 2024
Page 3

### C. Certification and Conclusion

Defendants have represented that they oppose Plaintiff's motion to both compel and extend discovery. Pursuant to Your Honor's individual rules, lead counsel for each party—Keegan Stephan and Zachary Kalmbach—met and conferred about both motions earlier today, for approximately 20 minutes, and agreed that they were at an impasse and would commence motion practice.

Accordingly, and for all of the reasons explained in this letter., Plaintiff respectfully moves this Court to compel and extend discovery as outlined above.

Sincerely,

Keegan Stephan
*Associate*

1. The motion to extend discovery is GRANTED in part. The discovery deadline is extended to **January 15, 2025**.
2. The motion to compel *Monell* discovery is DENIED without prejudice. If plaintiff wishes to compel *Monell* discovery, he must make specific applications about particular documents or records instead of seeking relief in general terms.
3. The motion to compel personnel records for individual defendants is GRANTED as to disciplinary records but DENIED as to other aspects of the files.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 61.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: December 20, 2024